## MARSH v. ATHENS COUNTY BD. OF COMM.

Ohio Appeals, 4th Dist., Athens Co.

Decided Feb. 28, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

180. BRIDGES—1053. Roads and Highways—829. Negligence.

1. In action for damages for injuries caused by automobile going through guard rail on bridge approach, plaintiff must establish negligence of commissioners and that such negligence was proximate cause of injuries.

2. Where evidence shows that insufficiency of guard was not proximate cause of injury, plaintiff cannot recover.

Error to Common Pleas.
Judgment affirmed.

Minshall & Phillips, Chillicothe, and M. D. Hughes, Athens, for Marsh.

R. D. Williams, Pros. Atty., Athens, for Bd. Comm.

### FULL TEXT.

THOMAS, J.

Error in this case is prosecuted to this court from the Court of Common Pleas. The action by the plaintiff was for personal injuries which she sutained while riding in an automobile on the north approach to the Sunday Creek bridge in that county. Her claim for damages is based on the alleged negligence of the defendant board in failing to maintain guard rails on said approach. At the time the state highway commissioner had taken over the highway, a part of which was said bridge, and was improving the same. In making said improvement a detour was constructed by the contractor at the instance of the state highway commissioner for the use of the traveling public and the approach in question was a part of said detour. The contractor, under the directions of the highway commissioner, had moved the north end of the bridge eastwardly fifteen feet or more and had constructed a temporary board approach from the permanent bank of the stream to the end of the bridge, and it is disclosed by the record that he erected barriers on each side of said approach by the use of 2 x 4 scantlings. The plaintiff relies on Section 7563 of the General Code, which prescribes the duties of county commissioners in maintaining barriers on approaches to bridges on county highways. At the conclusion of the plaintiff's evidence the trial court directed a verdict for the defendant. The question to be determined by this court is whether or not such peremptory instruction was proper.

Before the plaintiff was entitled to recover she must establish by the evidence the negligence of the defendant and that such negligence was the proximate cause of her injuries. In the first place, did the board of county commissioners owe plaintiff the duty to maintain guard rails on this approach? As before observed, the place where the injuries were sustained was a part of the said debtor. Under the highway statute it was the duty of the state highway commissioner to construct or have constructed and maintained the detour. Section 1231-7a determines this question and all that is required of said highway commissioner is to see that the contractor constructs and maintains detours in a passable condition. However, the record clearly shows that at the time and place guard rails were being maintained, which, were the duty under the statute still owing to the plaintiff by the defendant, fully complied with the requirements of the statutes as prescribed by Section 7563. The only complaint that the plaintiff can make under the evidence is that the guard rails were

not sufficient to prevent automobiles from going off the approach after being driven thereon. What is the purpose of guard rails? This court in the case of Harrington v. Board of County Commissioners, 13 Ohio Appellate 410, answers the question. The court by Judge Sayre says:

"The defense, that as the car ran off or dropped off the bridge and not off the approach the county is not liable, would be complete if the sole purpose of the guard rail or hedge fence was as a permanent buffer, intended to hold back wagons, carriages or automobiles from going over the embankment when such vehicles came in actual contact with the guard rail or hedge fence. But it seems to us that one of the principal purposes of guard rails is to warn drivers of the exact point of danger so that they may know where to drive to avoid it, just as a light house warns of the danger near it."

A careful reading of the record discloses that the insufficiency of the guard was not the proximate cause of the injury. Owing to the condition of the detour and the speed of the driver he had lost control of the automobile and it went off the approach in spite of the guard rail.

In our opinion the trial court, under the law and the facts, was warranted in directing a verdict for the defendant.

(Middleton, PJ. and Mauck, J., concur.)